UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GEORGE J. HAYDEN, INC., § § Plaintiff, § § VS. § STEEL DYNAMICS SOUTHWEST, LLC, § § § Defendant. § | CIVIL ACTION NO. 2:22-CV-00283 |

## ORDER ON MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Steel Dynamics Southwest, LLC's motion to lift stay of proceedings in a contract dispute with Plaintiff George J. Hayden, Inc. (D.E. 30) and Plaintiff's counter-motion for sanctions (D.E. 31). At issue is whether the Court has jurisdiction to determine the arbitrability of this dispute where the parties disagree on which of two arbitration agreements controls. *See id.* at 1; D.E. 31, pp. 5–6. On April 25, 2025, United States Magistrate Judge Mitchel Neurock issued his Memorandum and Recommendation (M&R), recommending that the Court deny Defendant's motion to lift stay and deny Plaintiff's counter-motion for sanctions. D.E. 35. Both parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. Plaintiff did not file any objections, and Defendant timely filed its objections on May 9, 2025. D.E. 36.

After review, the Court **OVERRULES** Defendant's objections (D.E. 36) and **ADOPTS** the M&R in its entirety (D.E. 35). Accordingly, the Court **DENIES** Defendant's

motion to lift stay (D.E. 30) and **DENIES** Plaintiff's counter-motion to impose sanctions (D.E. 31).

## STANDARD OF REVIEW

A district court must review de novo any portions of a magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. FED. R. CIV. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* Objections must point out with sufficient particularity any alleged error in the magistrate judge's analysis; otherwise, they do not constitute proper objections and will not be considered. *Id.*; *Malacara v. Garber*, 353 F.3d. 393, 405 (5th Cir. 2003); *see Edmonds v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review not invoked when petitioner merely re-urges arguments contained in original petition). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Defendant offers three objections to the M&R, arguing that the analysis in the M&R (1) "improperly decided the merits" regarding which arbitration agreement controls here by erroneously concluding that "because both agreements contain a delegation clause[,] all issues go to the arbitrator for decision"; (2) failed to recognize that no valid arbitration agreement exists to establish any delegation of issues to an arbitrator; and (3) ignores clear

legal precedent that the "existence and validity of [an] arbitration agreement is a matter for the courts to decide." D.E. 36, pp. 1–2. The Court addresses each objection in turn.

### A. Reaching the Merits

Defendant's first objection claims that the M&R erroneously decided the underlying merits of the arbitrability question, when its motion only sought to lift the stay so that question could be determined after it filed its motion to compel arbitration. *Id.* at 6. Pointing to two cases from courts in the Fifth Circuit, Defendant urges the Court to reject the M&R because a "lift stay proceeding is not the proper venue for determination of the underlying merits." *Id.*

This mischaracterizes the analysis in the M&R. In considering whether to lift the stay, the Magistrate Judge properly recognized that a party who has not agreed to arbitrate is entitled to a court's review of the merits of its dispute. *See* D.E. 35, p. 6 (citing *Coinbase, Inc. v. Suski*, 602 U.S. 143, 149 (2024)). The Magistrate Judge appropriately assessed the merits of Defendant's lift stay motion because it had to consider whether the Court retained jurisdiction to review issues arising from this dispute or whether the issues had been delegated to the arbitrator. *See id.* at 7–8. This question of substantive arbitrability is for the courts to decide. *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 487 (5th Cir. 2002). Here, the Magistrate Judge correctly determined that the Court lacks jurisdiction given the parties' evident intent to delegate disputes arising under either agreement to the arbitrator.

Defendant cited *Colvin v. Amegy Mortgage Co.*, a bankruptcy case, which states that a "lift stay proceeding is not a proceeding to determine the underlying merits" of contractual defenses. 507 B.R. 169, 190 (W.D. Tex. 2014). There, the court, when deciding a motion to lift stay, declined to consider a debtor's counterclaims or defenses. *Id.* Likewise, the M&R here did not address the underlying merits of the dispute—including Defendant's purported defenses—because the Magistrate Judge determined that those issues were delegated to the arbitrator.

*Rishmague v. Winter*, also cited by Defendant, granted a plaintiff's request to lift the stay for the limited purpose of allowing proper service, and overruled the defendant's objections that "go to the merits of the case and have no bearing on the propriety of lifting the stay to effect proper service of notice." No. 3:11-CV-2024-N, 2014 WL 11633690, at *4 (N.D. Tex. Sept. 9, 2014), *aff'd,* 616 F. App'x 138 (5th Cir. 2015). *Rishmague* is distinguishable from the case here. First, it addressed the question of effective service which is not relevant here. *See id.* Second, the dispositive question there was whether it was proper to grant the plaintiff's motion to lift the stay for a procedural purpose. The court overruled the defendant's objections not merely because they "[went] to the merits of the case," but because they failed to address this dispositive question. *Id.* Here, the Magistrate Judge's analysis of the arbitrability of the parties' dispute appropriately addressed the propriety of Defendant's motion to lift the stay as the dispositive question. *See* D.E. 35, pp. 7–11.

Accordingly, this objection is **OVERRULED.**

### B. Valid Formation of Arbitration Agreement

Defendant's second objection contends that the Magistrate Judge erred in finding that there was an agreement to arbitrate. D.E. 36, pp. 6-7. Defendant disputes the Joint Agreement's formation and rejects Plaintiff's proposition that it "supplant[ed] the original arbitration agreement" as set forth in the TC Agreement. In challenging the legitimacy of the Joint Agreement's formation, Defendant invokes various contractual defenses (meeting of the minds, fraud in the inducement, and mutual mistake) to assert that the TC Agreement controls arbitration. *Id.* at 8–10. Defendant argues that the Magistrate Judge ignored Defendant's contractual defenses to the Joint Agreement. *Id*. at 6–7. Citing several cases, Defendant argues that arbitration agreements like the Joint Agreement are subject to analysis under contract law, and therefore, courts must first decide whether there is a valid arbitration agreement before compelling arbitration. *Id.* at 7–9.

Defendant fails to address the discussion in the M&R of the dispositive issue that Defendant fundamentally agreed to delegate the underlying dispute and questions of arbitrability to the arbitrator, regardless of which agreement controls. *See* D.E. 35, pp. 8–9. The purpose behind the lift-stay motion—to move to compel Plaintiff to arbitrate under the TC Agreement instead of the Joint Agreement—supports the fact that, common to both agreements, Defendant agreed to arbitrate disputes in any case arising from the purchase orders with Plaintiff. As correctly determined by the Magistrate Judge, both agreements contain a delegation of arbitrability, including for disputes regarding whether an arbitration agreement is valid. *Id*.

Moreover, the arbitration panel has already determined this question, finding that, regardless of which agreement controls, neither would change the arbitrability of this dispute. D.E. 31-5. It is clear to the Court that, under either agreement, the parties clearly delegated their disputes to the arbitrator. Accordingly, this objection is **OVERRULED.**

### C. Court's Jurisdiction

Defendant's third and final objection contends that the Magistrate Judge erred in finding that the parties delegated arbitrability to the arbitrator and the Magistrate Judge misinterpreted *Coinbase*. D.E. 36, p. 11. Defendant argues that the Supreme Court in *Coinbase* clearly established that, under the Federal Arbitration Act (FAA), courts maintain jurisdiction over "an inquiry into which of two competing arbitration agreements applies." *Id*. at 11–12. Because there is an analogous set of facts here, the Court is required to determine which agreement controls, given the conflicting provisions between the TC Agreement and the Joint Agreement. *Id.* at 11–12.

The Magistrate Judge properly distinguished the facts in *Coinbase* from the facts now before the Court. While *Coinbase* dealt with two agreements that had conflicting delegation clauses—the first delegating disputes to the arbitrator and the second delegating disputes solely to the courts—both agreements here unequivocally delegate disputes to the arbitrator. *See* D.E. 35, pp. 9–10. Indeed, the Supreme Court recognized that the conflicting provisions in *Coinbase* rendered ambiguous the question of arbitrability. No such ambiguity is evident here when both the TC Agreement and Joint Agreement are clear in the delegation. *See id.* at 10–11.

The Magistrate Judge correctly found that the question of arbitrability was delegated to the arbitrator in both agreements because "express incorporation of the [rules of the arbitration service] constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Crawford Pro. Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 262–63 (5th Cir. 2014) (citing *Petrofac, Inc. v. DynMcDermott Petrol. Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012)); *see* D.E. 35, pp. 8-9 (detailing incorporation of arbitration service's two separate arbitration rules).

This objection is **OVERRULED.**

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Defendant's objections and all other relevant documents in the record, and having made a de novo review of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court **OVERRULES** Defendant's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 35). Accordingly, the Court **DENIES** Defendant's motion to lift stay (D.E. 30), **DENIES** Plaintiff's counter-motion to impose sanctions (D.E. 31), and **INSTRUCTS** the Clerk of Court to administratively close this case pending the outcome of arbitration.

**ORDERED** on July 25, 2025.

Nelva Gonzales Ramos
United States District Judge